UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-24192-CIV-UNGARO/O'SULLIVAN

**MYRON MORALES,**
   **Plaintiff,**

v.

**NANCY A. BERRYHILL,**
**Deputy Commissioner for Operations,**
**performing the duties and functions not reserved**
**to the Commissioner of Social Security,**
   **Defendant.**
_____/

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND
OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

   Defendant, Nancy A. Berryhill, Acting Commissioner of Social Security, by and through the undersigned Assistant United States Attorney, respectfully moves for summary judgment pursuant to Rule 56, Fed. R. Civ. P., and 42 U.S.C. § 405(g), and opposes Plaintiff's motion for summary judgment (Pl's Br.), on the grounds that the correct standards of law have been applied, the findings are supported by substantial evidence in the administrative record, and Defendant is entitled to judgment as a matter of law.

**MEMORANDUM OF LAW**

**Statement of the Issues**

WHETHER THE FINAL DECISION OF THE COMMISSIONER OF SOCIAL SECURITY FINDING PLAINTIFF NOT DISABLED UNDER THE SOCIAL SECURITY ACT IS SUPPORTED BY SUBSTANTIAL EVIDENCE IN THE RECORD, AND WHETHER THE DECISION APPLIED THE PROPER LEGAL STANDARDS.

**Introduction**

   Contrary to Plaintiff's allegations, Pl.'s Br. at 6-16, substantial evidence supports the ALJ's

determination that Plaintiff's bilateral knee condition, diarrhea, and mental condition were not disabling. Substantial evidence also supports the ALJ's finding that two treating physicians' opinions were inconsistent with the medical evidence of record. Finally, substantial evidence supports the Appeals Council's determination that the treating psychiatrist's newly submitted opinion, which was dated after the ALJ's decision, was not chronologically relevant to the ALJ's decision.

## Statement of the Case

**A.     Administrative Proceedings**

In March 2014, Plaintiff protectively filed an application for Supplemental Security Income (SSI), alleging an onset of disability as of December 4, 1996 (Tr. 163, 257-65). The agency denied his application initially and upon reconsideration (Tr. 150, 159). Plaintiff requested a hearing, which was held on June 13, 2016 (Tr. 118-42).

In a ruling dated August 31, 2016, the ALJ reviewed Plaintiff's claims in accordance with the sequential evaluation process under 20 C.F.R. § 416.920 (2017)[1] (Tr. 160-81). At the first step, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since his alleged onset date (Tr. 165, Finding No. 1). At step two, the ALJ found Plaintiff had the severe impairments of asymptomatic Human Immunodeficiency Virus (HIV) and mild osteoarthritis of the knee (Tr. 165-69, Finding No. 2).

At step three, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled any listing (Tr. 169-70, Finding No. 3). After careful consideration of the entire record, the ALJ determined Plaintiff had the residual functional capacity (RFC) to perform medium work with no more than frequent kneeling, stooping, crouching, or

---

[1]     All citations to the Code of Federal Regulations are to the 2017 version.

crawling; no climbing ladders, ropes, or scaffolds; no work at unprotected heights; no operating dangerous machinery; no work involving food preparation; an ability to do the job with incontinent protection; and no work around large bodies of water (Tr. 170-75, Finding No. 4).

The ALJ found at step four that Plaintiff had no past relevant work (Tr. 175, Finding No. 5). However, at step five, the ALJ determined, considering Plaintiff's RFC and the testimony of a vocational expert (VE), that Plaintiff could perform other work that existed in significant numbers in the national economy (Tr. 175-76, Finding No. 9; 135-39). Accordingly, the ALJ found Plaintiff not disabled (Tr. 176, Finding No. 10).

The Appeals Council denied Plaintiff's request for review of the ALJ's decision on September 14, 2017 (Tr. 1-7). Plaintiff appeals the final decision pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

**B.    Statement of Facts**

Plaintiff, born in 1968, was 48 years old at the time of the ALJ's decision (Tr. 285). He has a limited education (Tr. 290), and no past work experience (Tr. 175). He alleged disability based on HIV, seizures, diarrhea, and depression (Tr. 289, 297, 316).

**Argument**

**A.    Standard of Review**

Judicial review of the Commissioner's final decision under 42 U.S.C. § 405(g) is limited to whether there is substantial evidence in the record as a whole to support the decision. McRoberts v. Bowen, 841 F.2d 1077, 1088 (11th Cir. 1988). The court is not authorized to "re-weigh the evidence" or "decide the facts anew." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). When supported by substantial evidence, the Commissioner's findings are conclusive. See Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is not a large quantity of

evidence: it is more than a scintilla, but less than a preponderance.  Id.  It is such relevant evidence as a reasonable person might accept as adequate to support a decision.  Id.

**B.     The ALJ's Decision Is Supported by Substantial Evidence in the Record.**

Contrary to Plaintiff's contentions, Pl.'s Br. at 4-6, substantial evidence supports the ALJ's finding that Plaintiff's bilateral knee condition was not disabling (Tr. 170).  As the ALJ noted, a review of the record shows that from March 2014 to May 2016, Plaintiff either did not mention or outright denied any musculoskeletal symptoms (Tr. 375, 381, 437, 470, 607, 728, 735, 737, 746, 751, 820, 856, 873, 902-03, 909, 914).  Additionally, his treating physicians' physical exam findings throughout the above-noted period, including examinations of Plaintiff's musculoskeletal and neurological systems, were consistently normal (Tr. 375, 382-83, 451, 459, 462, 471-72, 609, 672, 723, 729-30, 736-38, 740, 746-47, 751-52, 822-23, 857-58, 873-74, 904, 910, 915-16).  In fact, Plaintiff's only reports of significant knee pain in the record were in the four months from December 2015 to March 2016, when he was diagnosed with internal derangement of the left knee in December 2015 (Tr. 439), complained of level 10 pain in January 2016 (Tr. 936), and claimed an inability to walk in March 2016 (Tr. 924).  Yet in April 2016, MRIs of Plaintiff's knees revealed only mild osteoarthritis (Tr. 897, 994).  Following his unremarkable MRIs, he reported pain levels from only 0 to 3 (Tr. 904, 909, 916).  As the ALJ noted, in Plaintiff's final examination of record on May 19, 2016, he reported no pain (Tr. 904).  Thus, substantial evidence supports the ALJ's finding that Plaintiff's knee condition was not disabling.

Additionally, Plaintiff incorrectly asserts that the ALJ did not account for Plaintiff's chronic diarrhea.  Pl.'s Br. at 7.  As set forth by the ALJ, the Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled or not disabled (Tr. 163-64).  See 20 C.F.R. § 416.920(a).  At step two, the ALJ determines whether the claimant

has a medically determinable impairment that is "severe" or a combination of impairments that is "severe" (Tr. 13). See 20 C.F.R. § 416.920(a)(4)(ii).

Plaintiff bears the burden of proving disability and more specifically bears the burden of providing evidence he has a severe impairment. See 42 U.S.C. § 423(d)(5); 20 C.F.R. § 416.912(a); Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003); Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). A severe impairment is an impairment or combination of impairments that significantly limits a claimant's physical or mental ability to do basic work activities. See 20 C.F.R. § 416.920(c); see also 20 C.F.R. § 416.921 (defining a non-severe impairment and basic work activities). "[A]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." Bridges v. Bowen, 815 F.2d 622, 625 (11th Cir. 1987); see Social Security Ruling (SSR) 96-3p, 1996 WL 374181. In addition, the impairment or combination of impairments must be severe for a continuous period of at least twelve months. See 20 C.F.R. §§ 416.905(a), 416.909, 416.920(a)(4)(ii); Barnhart v. Walton, 535 U.S. 212, 217 (2002).

Regardless of the severity of Plaintiff's diarrhea, the ALJ found he had severe physical impairments (Tr. 165), and that finding is all that step two requires. See Heatly v. Comm'r of Soc. Sec., 382 F. App'x 823, 824-25 (11th Cir. 2010) ("Even if the ALJ erred in not indicating whether chronic pain syndrome was a severe impairment, the error was harmless because the ALJ concluded that [the claimant] had a severe impairment: and that finding is all that step two requires"). The relevant question is the extent to which his impairments limited his ability to work. See Moore v. Barnhart, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005) (noting that "the mere existence of … impairments does not reveal the extent to which they limit her ability to work or undermine

the ALJ's determination in that regard"). The ALJ considered the effect of his combined impairments, including his alleged diarrhea, and determined he could perform a reduced range of medium work (Tr. 170-75). Thus, the ALJ's step two finding was not dispositive. See Heatly, 382 F. App'x at 824-25.

Furthermore, the ALJ accounted for Plaintiff's diarrhea by limiting his RFC to jobs that can be done with incontinent protection (Tr. 171). Meanwhile, the ALJ found that Plaintiff's chronic diarrhea was not severe, given the myriad medical records in which he denied diarrhea, (Tr. 166, 378, 467, 719, 732, 853), denied gastrointestinal problems generally (Tr. 166, 437, 607, 737, 746, 751, 873), or made no mention of the gastrointestinal system at all (Tr. 374-75, 450, 458, 461, 933). On one occasion in May 2016, Plaintiff's psychiatrist Ely Pelta, M.D., listed one of his active problems as "functional diarrhea," thereby implying he was able to function despite his diarrhea (Tr. 902). The ALJ also found that Plaintiff's diarrhea never required intravenous hydration, intravenous alimentation, or tube feeding, and thus did not satisfy the criteria for Listing 14.08(I), the listing for HIV with chronic diarrhea (Tr. 170). Thus, substantial evidence supports the ALJ's finding that although Plaintiff's diarrhea caused some limitations, it was not severe (Tr. 166).

Plaintiff also generally alleges the ALJ did not account for his "HIV symptoms." Pl.'s Br. at 7. However, Plaintiff fails to identify any HIV-related symptoms other than diarrhea, thereby waiving the issue. See Outlaw v. Barnhart, 197 F. App'x 825, 828 n.3 (11th Cir. 2006) (noting claimant waived issue because he did not elaborate on claim or provide citation to authority regarding claim); see also N.L.R.B. v. McClain of Georgia, Inc., 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived."). To the extent Plaintiff alleges the ALJ did not

account for his HIV, his contention is meritless. In fact, the ALJ noted that Plaintiff's HIV was asymptomatic based on the evidence that he had no significant symptoms or opportunistic infections (Tr. 172, 821, 907). The ALJ also discussed at length that Plaintiff frequently denied any symptoms related to his HIV (Tr. 172, 378, 374-75, 380-81, 410, 436-37, 470, 606-07, 727-28, 734-35, 737, 746, 751, 820, 856, 873, 909, 914). Thus, the ALJ properly considered the evidence of Plaintiff's HIV.

Finally, contrary to Plaintiff's contentions, Pl.'s Br. at 8-16, substantial evidence supports the ALJ's finding that Plaintiff's mental condition was non-severe (Tr. 166-69). Indeed, Plaintiff frequently denied having any psychiatric symptoms to his treating physicians (Tr. 470, 535, 694, 728, 735, 737, 746, 751, 820, 856, 873). More tellingly, his treating physicians' psychiatric exam findings were consistently normal (Tr. 376, 402, 439, 447, 472, 537, 609, 689, 695, 730, 740, 747, 752, 823, 858, 861, 864, 874, 904, 910). Plaintiff's own treating psychiatrist and mental health therapist frequently found that his mental status was normal except for a depressed mood (Tr. 451, 454, 459, 462, 531, 677, 868, 916, 918, 925, 926, 938). Most notably, in December 2015, treating physician Jorge Rangel, M.D., noted that Plaintiff admitted that his activities of daily living were not difficult at all due to depression (Tr. 820).

Plaintiff alleges his subjective complaints and diagnoses of a mental condition provided evidence of severe depression. Pl.'s Br. at 8-10. A claimant's subjective complaints alone, however, cannot establish disability; the record must include medical signs and findings which show the existence of a medical impairment which, when considered with all the other evidence, would lead to a conclusion that the claimant was disabled. See 42 U.S.C. §§ 423(d)(5)(A), 1382c(a)(3)(H)(i); 20 C.F.R. § 416.929(a); Edwards v. Sullivan, 937 F.2d 580, 584 (11th Cir. 1991). Additionally, as the Eleventh Circuit has stated, "the mere existence of these impairments

does not reveal the extent to which they limit [a claimant's] ability to work or undermine the ALJ's determination in that regard." Moore, 405 F.3d at 1213 n.6; see also Davis v. Barnhart, 153 F. App'x 569, 572 (11th Cir. 2005) ("Disability is determined by the effect an impairment has on the claimant's ability to work, rather than the diagnosis of an impairment itself"). Thus, "a diagnosis or a mere showing of 'a deviation from purely medical standards of bodily perfection or normality' is insufficient; instead, the claimant must show the effect of the impairment on her ability to work." Wind v. Barnhart, 133 F. App'x 684, 690 (11th Cir. 2005) (quoting McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986)). As shown above, Plaintiff failed to satisfy his burden of showing that his mental condition was severe.

Because substantial evidence supports the ALJ's assessment of Plaintiff's limitations, and because the ALJ's hypothetical question to the VE is consistent with his RFC assessment (Tr. 135-39, 170-71), the ALJ properly relied on the VE's testimony to find Plaintiff could perform a number of jobs in the national economy (Tr. 175-76). See Crawford v. Comm'r of Soc. Sec., 363 F. 3d 1155, 1161 (11th Cir. 2004) ("[T]he ALJ was not required to include findings in the hypothetical that the ALJ had properly rejected as unsupported.").

C.     **The ALJ Was Not Compelled to Accept Dr. Rangel's and Dr. Pelta's Opinions.**

When determining the weight to give a physician's opinion, an ALJ may consider numerous factors, including whether the physician examined the claimant, whether the physician treated the claimant, the evidence the physician presents to support his or her opinion, whether the physician's opinion is consistent with the record as a whole, and the physician's specialty. See 20 C.F.R. § 416.927(c). A treating physician's opinion generally is entitled to more weight, and an ALJ must give good reasons for discounting a treating physician's opinion. See 20 C.F.R. § 416.927(c)(2); Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1179 (11th Cir. 2011). A

treating physician's opinion may be discounted when the opinion is not well-supported or is inconsistent with the record as a whole. See Phillips v. Barnhart, 357 F.3d 1232, 1240-41 (11th Cir. 2004); Crawford, 363 F.3d at 1159-60.

Substantial evidence supports the ALJ's rejection of Dr. Rangel's June 2016 opinion that Plaintiff's knee condition and diarrhea caused significant functional limitations (Tr. 173, 958-65). Dr. Rangel opined that Plaintiff could sit and stand for 30 minutes at a time each, required an option to sit or stand at will, and must briefly walk every 30 to 45 minutes, for a total of less than 1 hour sitting, standing, for walking during an 8-hour workday (Tr. 961-62). Moreover, he noted that Plaintiff would require unscheduled breaks every 1 to 2 hours for 15 to 30 minutes due to diarrhea (Tr. 962). Finally, Dr. Rangel opined that Plaintiff could frequently lift up to 20 pounds; could rarely lift between 21 and 50 pounds; could occasionally climb stairs; could never climb ladders; could rarely twist, bend, squat, or crawl; could not use his right hand for fine manipulation; could not operate foot controls; and would be absent more than 4 days per month (Tr. 963-64).

The ALJ rejected Dr. Rangel's opinion because it was inconsistent with the April 2016 MRI's of Plaintiff's knees, which revealed only mild osteoarthritis of the knees (Tr. 173, 897, 994). The ALJ also found that Dr. Rangel's opinion was inconsistent with his own finding in December 2015 that Plaintiff was not limited in his activities of daily living (Tr. 173-74, 820). Although not dispositive, a claimant's activities may show that the claimant's pain and other symptoms are not as limiting as he alleged. See 20 C.F.R. § 416.929(c)(3)(i); SSR 16-3p, 2016 WL 1119029; Dyer v. Barnhart, 395 F.3d 1206, 1212 (11th Cir. 2005); Macia v. Bowen, 829 F.2d 1009, 1012 (11th Cir. 1987). Finally, Dr. Rangel's opinion is inconsistent with the generally benign findings from the medical evidence of record, as discussed above. Thus, substantial evidence supports the ALJ's rejection of Dr. Rangel's opinion.

Plaintiff generally argues that Dr. Rangel's opinion is consistent with Plaintiff's testimony of knee pain and the evidence of exacerbated knee pain in the four months from December 2015 to March 2016.  Pl.'s Br. at 5-7.  However, as noted above, Plaintiff's knee pain subsided following the unremarkable MRI findings in April 2016 (Tr. 904, 909, 916).  Thus, Plaintiff has failed to show his knee condition lasted for a continuous period of twelve or more months, which is a prerequisite for a condition to be found disabling.  See 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 416.905(a), 416.909; Walton, 535 U.S. at 217 (holding claimant's impairments and inability to work must last for continuous period of at least twelve months).

Substantial evidence also supports the ALJ's rejection of Dr. Pelta's February 2015 and June 2016 opinions (Tr. 168-69, 174-75).  In February 2015, Dr. Pelta opined that Plaintiff's depression would cause him to miss four days of work per month (Tr. 168, 585).  In June 2016, Dr. Pelta opined that Plaintiff would miss more than four days of work per month; was unable to sustain focus and concentration; had marked limitations in social functioning; had marked limitations in concentration, persistence, or pace; and had experienced four or more episodes of decompensation of extended duration (Tr. 168, 968-69).

The ALJ rejected Dr. Pelta's opinions because they were internally inconsistent and inconsistent with the medical evidence of record.  See Hacia v. Comm'r of Soc. Sec., 601 F. App'x 783, 785 (11th Cir. 2015) (affirming an ALJ's rejection of a treating physician's opinion because the opinion was internally inconsistent and unsupported by the treatment notes of record).  As the ALJ noted, despite Dr. Pelta's opinion that Plaintiff's mental conditions would cause him to miss a significant number of days of work per month (Tr. 585, 968), Dr. Pelta also opined that Plaintiff's condition did not cause good days and bad days and only caused slight restrictions in activities of daily living (Tr. 584, 967-68).  Similarly, Dr. Pelta noted that he had not placed any limitations on

Plaintiff's activities and he opined that Plaintiff could manage his own funds (Tr. 584, 967). Thus, Dr. Pelta's opinions were internally inconsistent (Tr. 174-75). Additionally, in Dr. Pelta's February 2015 opinion, he opined that Plaintiff's impairment would not last at least twelve months (Tr. 584), while in his June 2016 opinion, he opined the impairment would last at least twelve months (Tr. 967). Thus, Dr. Pelta's opinions were inconsistent with each other (Tr. 169). Finally, as shown above, the medical evidence of record shows that Plaintiff's mental condition was not severe, given the largely unremarkable psychiatric and mental status exam findings of record (Tr. 376, 402, 439, 447, 451, 454, 459, 462, 472, 531, 537, 609, 677, 689, 695, 730, 737, 740, 747, 752, 823, 858, 861, 864, 868, 874, 904, 910, 916, 918, 925, 926, 936, 938).[2] Thus, substantial evidence supports the ALJ's finding that Dr. Pelta's opinions were inconsistent with the evidence of record.

**D.     The Appeals Council Evidence Was Not Chronologically Relevant.**

With few exceptions, a claimant may present new evidence at each stage of the administrative process, including to the Appeals Council. See 20 C.F.R. § 416.1400(b); Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1261 (11th Cir. 2007). The Appeals Council has discretion to deny review of the ALJ's denial of benefits. See 20 C.F.R. § 416.1467; Washington v. Soc. Sec. Admin., 806 F.3d 1317, 1320 (11th Cir. 2015). Whether or not the Appeals Council denies review, however, it must consider evidence that is new, material, and chronologically relevant. See 20 C.F.R. § 416.1470(b); Washington, 806 F.3d at 1320.

---

[2] Plaintiff argues that Dr. Rangel's treatment notes should be rejected in favor of Dr. Pelta's opinions. Pl.'s Br. at 13-16. Plaintiff's argument ignores the fact that Dr. Pelta's opinions are not only inconsistent with both r. Rangel's treatment notes (Tr. 402, 439, 472, 537, 689, 730, 737, 740, 747, 752, 823, 858, 874), Dr. Pelta's opinions are inconsistent with his own treatment notes' objective findings (Tr. 451, 459, 462, 531, 677, 861, 864, 868, 904, 916).

New evidence is chronologically relevant if it relates to the period on or before the date of the ALJ's hearing decision.  See 20 C.F.R. § 416.1470(b); Clough v. Soc. Sec. Admin., Comm'r, 636 F. App'x 496, 497 (11th Cir. 2016); Washington, 806 F.3d at 1322-23.  An evaluator's findings are not chronologically relevant if it appears that the findings are not based on records pre-dating the ALJ's decision.  See Ring v. Soc. Sec. Admin, Comm'r, No. 17-12178, 2018 WL 1444174, at *2 (11th Cir. Mar. 23, 2018).  Similarly, if there is evidence of a worsening of conditions without any indication as to when the worsening took place, the evidence may be deemed to be not chronologically relevant.  See Stone v. Soc. Sec. Admin., 658 F. App'x 551, 553 (11th Cir. 2016). The Appeals Council need not provide a detailed explanation for finding evidence not chronologically relevant.  See Hargress v. Soc. Sec. Admin., Comm'r, 883 F.3d 1302, 1309 (11th Cir. 2018) ("In short, the Appeals Council declined to consider these new medical records because they were not chronologically relevant. The Appeals Council was not required to give a more detailed explanation or to address each piece of new evidence individually.").

Contrary to Plaintiff's contentions, Pl.'s Br. at 18-20, substantial evidence supports the Appeals Council's determination that Dr. Pelta's December 2016 opinion, which was newly submitted to the Appeals Council after the ALJ's August 2016 decision, was not chronologically relevant (Tr. 2), because Dr. Pelta's opinion indicates a worsening of Plaintiff's condition without indicating when the worsening took place. See Stone, 658 F. App'x at 553.  In particular, in Dr. Pelta's June 2016 opinion – which was issued two months before the ALJ's decision – Dr. Pelta opined that Plaintiff's impairments did not cause good days and bad days and he only had slight restrictions in activities of daily living (Tr. 968).  On the other hand, in Dr. Pelta's December 2016 opinion – which he issued four months after the ALJ's August 2016 decision – he opined that Plaintiff had virtually all bad days and marked limitations in activities of daily living (Tr. 14).

12

Because Dr. Pelta's December 2016 opinion indicates a worsening of Plaintiff's mental symptoms without indicating when the worsening occurred, his opinion is not chronologically relevant to the ALJ's decision.  See Stone, 658 F. App'x at 553.  Additionally, the Appeals Council was not required to provide any additional discussion about Dr. Pelta's opinion beyond finding it not chronologically relevant.  See Hargress, 883 F.3d at 1309.

## CONCLUSION

The Commissioner respectfully submits that her decision is supported by substantial evidence, the proper legal standards, and should be affirmed.

Dated: May 9, 2018                          Respectfully submitted,

                                          **BENJAMIN G. GREENBERG**
                                          **UNITED STATES ATTORNEY**

By:   *s/Karin D. Wherry*
      KARIN D. WHERRY
      Assistant United States Attorney
      Florida Bar No. 509530
      E-Mail:  Karin.Wherry@usdoj.gov
      United States Attorney's Office
      99 NE 4th Street, Suite 300
      Miami, Florida 33132
      Telephone: (305) 961-9016
      Fax: (305) 530-7139
      *Counsel for Defendant Nancy A. Berryhill*

**OF COUNSEL:**

Christopher Harris
Regional Chief Counsel, Atlanta
Owen Keegan,
Assistant Regional Counsel
Office of General Counsel Region IV
Social Security
61 Forsyth Street, S.W. Suite 20T45
Atlanta, Georgia 30303-8920

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 9th day of May, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified.

*s/Karin D. Wherry*
Karin D. Wherry
Assistant United States Attorney

**SERVICE LIST**
Myron Morales vs. Nancy A. Berryhill
Case No. 17-24192-CIV-Ungaro/O'Sullivan
United States District Court, Southern District of Florida

| | |
|---|---|
| Pamela Flores, Esq.<br>Florida Bar No. 0124363<br>Jeffrey M. Hearne, Esq.<br>Florida Bar No. 512060<br>Miriam Haskell<br>Florida Bar No. 69033<br>Attorneys for Petitioner<br>4343 W Flagler Street, Suite 100<br>Miami, FL 33134<br>Telephone/Fax: (305) 438-2411<br>Email: pflores@legalservicesmiami.org<br>Email: jhearne@legalservicesmiami.org<br>Email: mhaskell@legalservicesmiami.org<br>*Attorney for Plaintiff, Myron Morales*<br>**via Notices of Electronic Filing generated by CM/ECF** | Karin D. Wherry<br>Assistant United States Attorney<br>Florida Bar No. 509530<br>E-Mail:  Karin.Wherry@usdoj.gov<br>United States Attorney's Office<br>99 NE 4th Street, Suite 300<br>Miami, Florida 33132<br>Telephone: (305) 961-9016<br>Fax: (305) 530-7139<br>*Attorney for Defendant Nancy A. Berryhill*<br>**via Notices of Electronic Filing generated by CM/ECF** |